JUSTICE MORRIS
delivered the Opinion of the Court.
¶1 Keal Gordon Reavely (Reavely) appeals from the Ravalli County District Court’s denial of his attempt to introduce evidence of his preliminary alcohol screening test (PAST) during his trial for driving under the influence of alcohol (DUI).
¶2 We review whether the District Court abused its discretion when it decided to exclude the result from Reavely’s preliminary alcohol screening test?
FACTUAL AND PROCEDURAL HISTORY
¶3 Reavely’s car struck another car while he was attempting to leave the Eagle’s Club in Hamilton on the evening of November 22, 2004. A witness to the incident notified the authorities. The Hamilton City Police dispatched Officer Nic Painter (Officer Painter) to the scene. Officer Painter observed that Reavely’s eyes were red and that he smelled like alcohol. Officer Painter asked Reavely for his consent to perform a PAST and Reavely agreed. Reavely’s PAST result indicated that he had a blood alcohol content (BAC) of 0.136. Officer Painter placed Reavely under arrest for DUI and transported him to the Ravalli County detention center. Officers performed a second breathalyzer test on Reavely at the detention center approximately 21 minutes after Officer Painter had performed the PAST procedure. The results of the second breath test using an Intoxilyzer 5000 indicated that Reavely had a BAC of 0.187.
¶4 The State charged Reavely with felony DUI based on the fact that he had been convicted of DUI on three previous occasions. Reavely entered a plea of not guilty, and the case proceeded to trial on July 26, 2005. Reavely’s counsel argued in his opening statement that he would present evidence that the police had administered two breath tests on Reavely. The State requested a meeting with the court out of the presence of the jury to discuss Reavely’s opening statement.
*153 ¶5 The State raised the concern that it suspected that Reavely intended to compare his PAST result with his Intoxilyzer 5000 result in order to show that his BAC might have been below 0.08 at the time of the accident. The State argued that the court should exclude Reavely’s PAST result from evidence as PAST results had been held inadmissible in State v. Snell, 2004 MT 334, 324 Mont. 173, 103 P.3d 503.
¶6 Reavely’s counsel admitted that Snell precluded the State from using the PAST result as evidence of intoxication. Reavely’s counsel distinguished Reavely’s facts, however, from the facts in Snell. He argued that Reavely did not seek to use the PAST result to prove evidence of intoxication. Reavely’s counsel wanted to compare the PAST result with the Intoxilyzer 5000 result in order to establish that Reavely’s BAC had been rising at the time of the accident.
¶7 The court determined that Reavely’s argument assumed the accuracy of the PAST result. The court ruled that it would exclude the PAST result unless Reavely first established a foundation on which to admit the PAST result. Reavely objected for the record. Reavely made no attempt during trial to establish a foundation for admitting the PAST result. The jury found Reavely guilty of DUI and the court sentenced Reavely on October 20, 2005. This appeal followed.
STANDARD OF REVIEW
¶8 We review a district court’s evidentiary ruling for an abuse of discretion. Snell, ¶ 17.
DISCUSSION
¶9 Did the District Court abuse its discretion when it decided to exclude the result from Reavely’s preliminary alcohol screening test?
¶10 Reavely argues that the court should have admitted his PAST result for the sole purpose of establishing that his BAC was rising at the time of the accident. He points out that the Intoxilyzer 5000 indicated that his BAC was 0.187 approximately 21 minutes after his PAST result had indicated that his BAC was 0.136. Reavely argues that the jury could have inferred from these results that his BAC was rising after the accident and, thus, that his BAC might have been below 0.08 at the time he was driving.
¶11 We have held that a party must establish that a defendant’s PAST result is accurate and reliable before the PAST may be admitted as evidence of a defendant’s BAC. State v. Damon, 2005 MT 218, ¶ 25, 328 Mont. 276, ¶ 25, 119 P.3d 1194, ¶ 25. The party seeking to admit *154 the PAST must establish this foundation of accuracy and reliability with expert testimony as governed by M. R. Evid. 702. Damon, ¶ 25. ¶12 Reavely concedes that the State must establish a foundation of accuracy and reliability before it can admit a PAST result as evidence of a defendant’s BAC. He “wholeheartedly agrees,” in fact, that a PAST result represents an unreliable and inaccurate method of measuring a defendant’s BAC. Reavely insists, however, that the accuracy of his PAST result is “not the core issue” because he does not seek to prove that his BAC is accurate “to a degree that it can be relied upon to establish the BAC level of a Montana citizen for purposes of proof of intoxication ....” Reavely points out that he wants only to “establish reasonable doubt that Reavely had a BAC greater than 0.08 at the time he was driving.”
¶13 The reliability and accuracy of the PAST test is critical, however, to Reavely’s theory. Reavely’s BAC, in reality, may have been much less than or much greater than his PAST result indicated. Reavely’s actual BAC at the time when Officer Painter administered the PAST might have shown, for example, that his BAC was rising if it had been less than 0.187, holding steady if it had been close to 0.187, or falling if it had been greater than 0.187.
¶14 The PAST result is thus irrelevant to the fact that Reavely seeks to prove-that his BAC had been trending upward-as his admittedly “unreliable” PAST result does not tend to establish that any one of these trends was more probable than the other. M. R. Evid. 401. Reavely needed to provide a foundation that his PAST had been a sufficiently accurate representation of his BAC so that it was relevant to his theory. Reavely has not done so here.
¶15 Reavely argues next that he sought to offer his PAST result only to raise a reasonable doubt that his BAC had been greater than 0.08 at the time that he had been driving. He contends that it is unfair to require him to demonstrate the accuracy of his PAST result to establish reasonable doubt when courts permit the State to use a PAST result “without relating the actual numbers to show probable cause to arrest....” Reavely’s analogy to probable cause hearings lacks merit. The rules of evidence do not govern probable cause determinations by a judge or the police. See e.g., Hart v. Parks, 450 F.3d 1059, 1066 (9th Cir. 2006); State v. Beaupre, 2004 MT 300, ¶ 48, 323 Mont. 413, ¶ 48, 102 P.3d 504, ¶ 48 (holding that hearsay may be used to establish probable cause). Moreover, by his own admission, Reavely does intend to relate the “actual numbers.”
¶16 Reavely also mischaracterizes the purpose for which he sought to *155 admit the PAST result. Reavely did not merely propose to admit the number that Officer Painter observed on the PAST screen to help establish reasonable doubt. Reavely also would have asked the jury to assume that the number Officer Painter observed actually represented Reavely’s BAC within some degree of accuracy. Officer Painter had no personal knowledge, however, of Reavely’s BAC. Officer Painter only knew what he saw on the PAST screen. Reavely needed to offer expert testimony in order to establish that the number that Officer Painter saw on the screen actually represented Reavely’s BAC within some degree of accuracy and reliability. M. R. Evid. 602, 701, 703; Damon, ¶ 25. Reavely did not present any experts at trial and does not argue on appeal that he would have presented an expert at trial if he had been given the opportunity.
¶17 Reavely sought to use his PAST result to prove that his BAC was within a certain range of values, yet he made no attempt to establish a foundation at trial showing that his PAST result had been an accurate representation of his BAC within any degree of accuracy. We have never held that a court or jury may assume, as a matter of law, that a PAST result is a reliable representation of a defendant’s BAC within any particular degree of accuracy. Damon, ¶¶ 25-29. The District Court did not abuse its discretion in excluding Reavely’s PAST result under these circumstances.
¶18 Affirmed.
CHIEF JUSTICE GRAY, JUSTICES WARNER, LEAPHART and RICE concur.